[No. 15564.  Department Two.—October 26, 1894.]

GEORGE W. WICKERSHAM, RESPONDENT, v. RICHARD JOHNSTON, APPELLANT.

104  407
114  660
104  407
d118  101
104  407
131  164
104  407
145  484

EVIDENCE—LAW OF FOREIGN COUNTRY—PRESUMPTION.—Where there is no evidence tending to show what the law is in a foreign country touching questions raised in the courts of this state it must be assumed that the law in respect to those questions is the same there as in California, and this rule applies to England, as well as to sister states of the American nation.

ID.—QUESTION OF FACT—JUDICIAL KNOWLEDGE—PLEADING—PROOF.—Any foreign law is matter of fact, which the courts of this country cannot be presumed to be acquainted with, or to have judicial knowledge of, unless it is pleaded and proved.

ESTATES OF DECEASED PERSONS—SALE OF NOTES BY EXECUTORS.—The executors of the estate of a deceased person have no authority to sell and transfer notes belonging to the deceased; but they are debts of the estate which can be sold only under and by order of the probate court.

ID.—SALE OF CHOSES IN ACTION.—Under section 1524 of the Civil Code choses in action are to be sold in the same manner as other personal property.

ID.—PROBATE OF FOREIGN WILL—EVIDENCE—EXEMPLIFIED COPY—PROOF OF JURISDICTION—INCOMPLETE RECORD.—A copy of a judicial record of the admission of a will to probate, in the probate division of her majesty's high court of justice in England, certified as correct by the registrar of the court, accompanied by the certificate of the judge to the official position of the registrar as the custodian of its records and the genuineness of his signature, and also by a certificate of the United States consul

general to the genuineness of the signature of the judge, made in accordance with the requirements of section 1906 of the Code of Civil Procedure, is admissible in evidence; but, in the absence of proof of a procedure in England different from that of our own courts, such exemplified copy is insufficient to support a right under the will, unless an exemplified copy of the pleadings, petitions, or proceedings which led up to the order and gave.jurisdiction to make it, are also introduced in evidence to make the record complete.

Id.—Construction of Code — Meaning of "Attestation" — Certification of Copy.—Section 1906 of the Code of Civil Procedure refers to exemplified copies of an original record, and not to the original record itself, and the word "attestation" used in that section is used in its secondary or technical sense, to denote the certification by the keeper of a record of the verity of a copy.

Appeal from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

*C. M. Wheeler*, and *P. F. Hart*, for Appellant.

It was error for the court to admit in evidence what purported to be a copy of the judicial record of a foreign country, as it was authenticated in accordance with the provisions of section 1906 of the Code of Civil Procedure, which applies only to original records. (See Code Civ. Proc., secs. 1906, 1907; Practice Act, sec. 451.) The judgment should be reversed because of the failure of the plaintiff to plead or prove the laws of Great Britain defining the mode of appointment, powers, or duties of the executors or administrators of the estate of a decedent. This constituted reversible error. (*Riendeau* v. *Vieu*, 21 N. Y. Supp. 501.) A foreign law is a question of fact, and must be alleged and proved like any other fact. (*Liverpool etc. Co.* v. *Phœnix Ins. Co.*, 129 U. S. 397; *Monroe* v. *Douglass*, 5 N. Y. 447; *Norris* v. *Harris*, 15 Cal. 254; *Hill* v. *Grigsby*, 32 Cal. 55; *Shumway* v. *Leakey*, 67 Cal. 458.) As there was no allegation or proof of the foreign law, it will be presumed to be the same as the law of this state. (*Norris* v. *Harris*, 15 Cal. 253; *Hickman* v. *Alpaugh*, 21 Cal. 225; *Hill* v. *Grigsby*, 32 Cal. 55; *Marsters* v. *Lash*, 61 Cal. 622; *Shumway* v. *Leakey*, 67 Cal. 458; *Loaiza* v. *Superior Court*, 85 Cal. 12; 20

Am. St. Rep. 197.)    The alleged record consists of what
purports to be simply an extract from the minutes of the
court, and is under our laws fatally defective and wholly
inadmissible.    (Freeman on Judgments, 603; *Young* v.
*Rosenbaum*, 39 Cal. 646; *Tessier* v. *Englehart*, 18 Neb.
167; *Clemmer* v. *Cooper*, 24 Iowa, 185; 95 Am. Dec. 720;
*Moore* v. *Hood*, 9 Rich. Eq. 311; 70 Am. Dec. 212; *Carpenter* v. *Pier*, 30 Vt. 81; 73 Am. Dec. 290; *Ashley* v.
*Laird*, 14 Ind. 222; 77 Am. Dec. 67; *Rape* v. *Heaton*, 9
Wis. 328; 76 Am. Dec. 269, 275, 279; *Whidden* v. *Seelye*,
40 Me. 247; 63 Am. Dec. 662; *Bimeler* v. *Dawson*, 4 Scam.
536; 39 Am. Dec. 430; *Sherwood* v. *Miller*, 37 Mo. App.
48; Abbott's Trial Evidence, 537; *Sawyer* v. *Maine etc.
Ins. Co.*, 12 Mass. 291; *Mason* v. *Wolff*, 40 Cal. 249;
*Harper* v. *Rowe*, 53 Cal. 233.)    An executor has no power
to dispose of choses in action without an order of court.
(Code Civ. Proc., sec. 1524; *Estate of Radovich*, 74 Cal.
536; 5 Am. St. Rep. 466; *Huse* v. *Den*, 85 Cal. 390; 20
Am. St. Rep. 232.)

*Edward J. Ryan*, and *J. N. Gillett*, for Respondent.

The record of the foreign judgment was properly
admitted in evidence, as a judicial record of a foreign
country may be proved by a certified copy thereof, properly attested as required by section 1906 of the Code of
Civil Procedure.    (See Code Civ. Proc., secs. 1906, 1907;
*Low* v. *Burrows*, 12 Cal. 181; *Parke* v. *Williams*, 7 Cal.
247; *Ferguson* v. *Harwood*, 7 Cranch, 408; 1 Greenleaf
on Evidence, sec. 514.)    It was not necessary to prove
that the foreign court had jurisdiction to make an order
admitting the will to probate.    (*Goldtree* v. *McAlister*,
86 Cal. 99.)    It will be presumed that the foreign court
had jurisdiction to admit the will to probate.    (Code
Civ. Proc., sec. 1963, subd. 16.)    An allegation that a
foreign judgment was duly made is sufficient; and it is
not necessary to allege the jurisdictional facts, but that
would be a matter of defense under the foregoing section of the Code of Civil Procedure.    (*McLaughlin* v.
*Nichols*, 13 Abb. Pr. 244; Freeman on Judgments, sec.

453; *Phelps* v. *Duffy*, 11 Nev. 80.)    The plaintiff clearly
had a right to maintain this action.   (See *Petersen* v.
*Chemical Bank*, 32 N. Y. 21; 88 Am. Dec. 298; *Harper*
v. *Butler*, 2 Pet. 239; *Solinsky* v. *Fourth Nat. Bank*, 82
Tex. 244.)    An executor or administrator may sell or
dispose of negotiable instruments or choses in action by
indorsement to another, or to a distributee, without an
order of the probate court, and such transfer passes the
title, so as to enable the transferee or distributee to
maintain an action on them; nor can the maker, in the
absence of fraud, abate such action for a want of
authority to make the transfer.   (See *Weider* v. *Osborn*,
20 Or. 307.   See, also, *Hough* v. *Bailey*, 32 Conn. 288;
*Marshall Co.* v. *Hanna*, 57 Iowa, 375.)

McFARLAND, J.—The plaintiff brought three actions
against the defendant, each upon a promissory note
made by the defendant to one John Lancaster, since
deceased, who was a British subject and a resident of
England, where he died testate on the 21st of April,
1884.    The three actions were by the consent of parties
and an order of the court consolidated.   The court ren-
dered judgment for plaintiff for the amount of the prin-
cipal and interest of said three notes, with costs, etc.
Defendant appeals from the judgment.

The judgment of the lower court went upon the
theory, founded upon the findings, that the two sons of
the deceased, George Granville Lancaster and John
Lancaster (Jr.), were appointed by the will of the
deceased as the executors thereof, and qualified as such;
and were also appointed "administrators of the per-
sonal estate" of the deceased John Lancaster; that the
will of the deceased was duly probated in an English
court; that by said will the said sons were also made
residuary legatees; and that on November 15, 1880, the
said sons, George and John, as such executors and
administrators, and being the owners of said notes,
"sold, transferred, and set over" the same to the plain-
tiff herein.

The main evidence in the case introduced by plaintiff is found in a certain commission to take the testimony of said George and John Lancaster, issued to John C. New, consul general of the United States at London, by which it was undertaken to prove all the foregoing facts as to the death of John Lancaster, deceased, the existence of the will, its probate, issuance of letters testamentary and letters of administration to the sons, etc. Many objections were made by appellant to various parts of the evidence contained in said commission; but we will assume for the present that the evidence contained in this commission sufficiently shows the facts above referred to. There was no evidence at all tending to show what the law was in the foreign country touching any of the questions which are raised here; and it must, therefore, be assumed that the law with respect to those matters was the same there as in California. (*Norris* v. *Harris*, 15 Cal. 254; *Hickman* v. *Alpaugh*, 21 Cal. 226; *Hill* v. *Grigsby*, 32 Cal. 55; *Marsters* v. *Lash*, 61 Cal. 624; *Monroe* v. *Douglass*, 5 N. Y. 447; *Liverpool etc. Co.* v. *Phenix Ins. Co.*, 129 U. S. 445.) This rule applies to England as well as to sister states of the American nation. In *Liverpool etc. Co.* v. *Phenix Ins. Co.*, 129 U. S. 445, the supreme court of the United States say: " The law of Great Britain since the Declaration of Independence is the law of a foreign country, and, like any other foreign law, is matter of fact, which the courts of this country cannot be presumed to be acquainted with, or to have judicial knowledge of, unless it is pleaded and proved."

The alleged transfer or assignment of the said notes from the said George and John Lancaster was not by indorsement on the back of said notes, but consisted of a separate written instrument in which they recited that they had "bargained, sold, and transferred" the said notes to the plaintiff herein, and that they "do hereby sell, transfer, and set over" the same to the plaintiff; and it is said in said instrument that they sell, etc., said notes "as executors of John Lancaster,

deceased, and as representing themselves and said estate"; and the document is signed "John Lancaster, George Granville Lancaster." Now, waiving all other points, and assuming the law of England to be the same as that of California, the said John and George Lancaster had no authority to sell and transfer said notes to the plaintiff. They were assets of the estate of John Lancaster, deceased, and could be sold only under and by an order of the probate court. Section 1517 of the Code of Civil Procedure provides that "no sale of any property of an estate of a decedent is valid unless made under order of the superior court, except as otherwise provided in this chapter"; and the property involved here is not one of the exceptions. Section 1524 expressly provides that "choses in action may be sold in the same manner as other personal property." (*Belloc* v. *Rogers*, 9 Cal. 128.) The cases cited by respondent upon this point, such as *Weider* v. *Osborn*, 20 Or. 307, *Hough* v. *Bailey*, 22 Conn. 223, and *Marshall Co.* v. *Hanna*, 57 Iowa, 375, were cases arising under statutes which only provided that tangible personal property could not be sold, except by an order of the probate court. For this reason the judgment must be reversed.

The foregoing point is conclusive of this appeal; but, as the cause may be tried again, it is necessary to notice one or two other positions taken by appellant.

The evidence introduced by respondent to prove the probate of the will of said John Lancaster, deceased, consisted of a copy of a judicial record of the probate division of her majesty's high court of justice, certified as correct by Charles John Middleton, registrar of said court, accompanied by the certificate of the judge of said court to the official position of Middleton as the custodian of its records and the genuineness of his signature, and also by a certificate of John C. New, United States consul general, to the genuineness of the signature of the said judge—all in accordance with the requirements of section 1906 of the Code of Civil Procedure. But appellant contends that said section refers

only to an original record, and not to a copy. The section is as follows: "A judicial record of a foreign court may be proved by the attestation of the clerk, with the seal of the court annexed, if there be a clerk and seal, or of the legal keeper of the record with the seal of his office annexed, if there be a·seal, together with a certificate of the chief judge, or presiding magistrate, that the person making the attestation is the clerk of the court, or the legal keeper of the record, and, in either case, that the signature of such person is genuine, and that the attestation is in due form. The signature of the chief judge or presiding magistrate must be authenticated by the certificate of the minister or ambassador, or a consul, vice-consul, or consular agent of the United States in such foreign country." While the word "copy" is not expressly used in the section, it is clearly included in the language which is used. It is included in the word "attestation," and is·necessarily contemplated throughout the entire section. The notion of an original judicial record requiring the attestations and certificates mentioned in the section is incongruous and not to be entertained. A record proves itself. The certificate and signature of an American consul in a judgment-book of an English court, in order to give it verity, would be a rare spectacle. It is not to be supposed that the legislature meant such a thing when express words to that effect were not used. In the absence of statutory provisions on this subject an original record itself is rarely produced as evidence except when the cause is in the same court whose record it is. (1 Greenleaf on Evidence, sec. 502.) In other cases the proof is by exemplification. In section 1906 the word "attestation" is evidently used in its secondary or technical sense—the certification by the keeper of a record of the verity of a copy. In Anderson's Law Dictionary a definition of "attest" is as follows: "To certify to the verity of a copy of a public document." In Abbott's Law Dictionary it is said: "Attest is also the technical word by which, in the practice of many of the states, a

certifying officer gives assurance to the verity of a copy."
(See, also, Black's Law Dictionary, under "attest.")
Moreover, that part of section 1905 which provides for
proof of a judicial record of a sister state, and section
905 of the Revised Statutes of the United States, which
provides for proof of judicial records of the states and
territories, are both substantially the same as said sec-
tion 1906 of the Code of Civil Procedure; in neither is
the word "copy" used. But under those provisions it
has been held that a certified copy is sufficient. (*Low*
v. *Burrows,* 12 Cal. 181; *Parke* v. *Williams,* 7 Cal. 247;
*Ferguson* v. *Harwood,* 7 Cranch, 408.) Some weight is
attached by appellant to the fact that the next succeed-
ing section—section 1907 of the Code of Civil Proced-
ure—provides that a copy of a foreign judicial record is
also admissible in evidence upon compliance with the
provisions of that section. But evidently the stress of
that section is not upon the word "copy," so as to dis-
tinguish it from original. Section 1906 having pro-
vided for a copy under attestation of the keeper of the
record, accompanied by certain certificates of certain
other officers, section 1907 provides that a copy may
*also* be admitted, without the certificates of said officers,
if it be accompanied by the oral testimony of a witness
that he had compared the copy with the original, and
that it was an exact transcript thereof, and also by cer-
tain other evidence required by said section. We are
satisfied that a foreign judicial record may be proved by
a copy thereof, attested and certified as provided by said
section 1906 of the Code of Civil Procedure.

We think, however, that appellant is right in con-
tending that the judicial record introduced by respond-
ent in this case is entirely insufficient to support any
right asserted under it by respondent. It includes
merely a transcript of a short order of the foreign court,
to the effect that on a certain day the will of Lancaster,
deceased, was proved and registered, and that adminis-
tration of the personal estate was granted to John and
George Granville Lancaster, sons, and executors named

in the will, who had been sworn to well and faithfully administer the same.   It contains no previous proceedings upon which the order rested, no petition, no pleadings, no judgment-roll other than said order.   This was not sufficient in the absence of proof of a procedure in the foreign country different from that of our own. The pleadings, petitions, or proceedings which led up to the order and gave jurisdiction to make it, should have been introduced so as to have made the record complete. (2 Freeman on Judgments, sec. 603; *Young* v. *Rosenbaum*, 39 Cal. 646; *Mason* v. *Wolff*, 40 Cal. 249; *Harper* v. *Rowe*, 53 Cal. 234.)

There are no other points necessary to be now noticed.

The judgment is reversed and the cause remanded for a new trial.

DE HAVEN, J., and FITZGERALD, J., concurred.