[Civ. No. 7993. First Appellate District, Division Two.—September 2, 1931.]

MINNA GALLOWAY, Respondent, v. DALLAS L. GALLOWAY, Appellant.

Fred W. Morrison for Appellant.

Harry K. Sargent for Respondent.

NOURSE, P. J.—Plaintiff sued for separate maintenance. The defendant answered setting up a divorce from plaintiff in the courts of the Republic of Mexico. The trial court awarded plaintiff $75 a month and defendant appeals upon a bill of exceptions.

Appellant insists that there is no evidence of his ability to pay the amount of the award. The only evidence found is that the appellant was without property, without funds and without employment. Respondent concedes her failure to make a showing in this respect but suggests that the court should take into consideration the testimony that appellant had been engaged in the real estate business in Los Angeles prior to his departure for Mexico in 1925. It is the husband's ability to pay when the award is made that determines the reasonableness of the award, and in this respect the record is silent.

Appellant also complains of the finding adverse to the decree of the Mexico courts dissolving the marriage. The rule is well settled that when a divorce is obtained in another state through a fraudulent residence simulated for the purpose and not in good faith, such divorce is open to attack in the state of the true matrimonial domicile. (*Bruguiere* v. *Bruguiere,* 172 Cal. 199 [Ann. Cas. 1917E, 122, 155 Pac. 988]; *Kelsey* v. *Miller,* 203 Cal. 61, 89 [263 Pac. 200].) But it is as equally well settled that fraud is the

basis of the attack (*Kelsey* v. *Miller, supra*); that fraud is not presumed but must be proved like any other fact (*Truett* v. *Onderdonk,* 120 Cal. 581, 588 [53 Pac. 26]); and that a mere suspicion of fraud is not sufficient (*Everett* v. *Standard Acc. Ins. Co.,* 45 Cal. App. 332, 338 [187 Pac. 996]; *Noll* v. *Baida,* 202 Cal. 98, 100 [259 Pac. 433]). Here there is no proof of fraud. One witness was called who testified that she thought the appellant had told her that he had gone to Mexico to get a divorce. No other testimony was taken. The decree discloses that summons was issued and that the default of the wife was duly entered. Whether she was personally served does not appear. However, in the absence of evidence, we must presume the good faith of the husband and the integrity of the judgment of the foreign court, and with no competent evidence to rebut either presumption, the judgment appealed from falls for want of proof.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.