[Civ. No. 11365.   Second Appellate District, Division One.—December 10, 1937.]

SYBIL J. duQUESNAY, Respondent, v. NATHANIEL WINSTON HENDERSON, Appellant.

LeRoy Reames and James R. Jaffray for Appellant.

Wilbert C. Hamilton and John F. Hoornaert for Respondent.

YORK, P. J.—Plaintiff, the divorced wife of defendant, seeks to recover a balance alleged to be due her under a property settlement executed on May 22, 1935, subsequent to the filing in Los Angeles County by plaintiff of an action for divorce against defendant. Under the terms of said agreement, defendant among other things promised to pay to plaintiff $250 cash forthwith and the further sum of $10,525, payable $100 or more on the first of every month commencing July 1, 1935, for a period of five years, the balance of said $10,525 remaining unpaid on May 21, 1940, to be paid by defendant at that time in full, or a note secured by a trust deed to be executed by him in favor of plaintiff, payable $100 or more per month with interest at 5 per cent per annum, "provided, however, that upon the sale, transfer or refinancing of the real property, above described, the balance then remaining unpaid of said $10,525.00 shall immediately become due and payable".

No evidence was presented at the trial, but the cause was submitted upon a stipulation of facts from which it appears that plaintiff and defendant intermarried on September 17, 1921, and that since then until the filing of the complaint herein (September 24, 1936) "both have been and now are *bona fide* residents" of Los Angeles County; that on November 15, 1934, plaintiff filed in Mexico an action for divorce against defendant, which was granted, neither party appearing in person in the Mexican court; that on said November 15, 1934, the parties made a property settlement, which was

duly recorded; that on the following April 29, 1935, plaintiff filed in Los Angeles County an action for divorce against defendant and, on May 22, 1935, said parties executed and recorded another property settlement agreement which is the subject of the instant action; that thereafter an interlocutory decree of divorce was granted, which approved both property settlements, and on July 7, 1936, final judgment of divorce was entered in Los Angeles County. Meanwhile, on September 26, 1935, plaintiff agreed to permit defendant to mortgage one of the lots covered by the property settlement of May 22, 1935, and on June 11, 1936, defendant executed a note for $40,000 secured by a mortgage on the remaining two lots described in said property settlement agreement. It was further stipulated that $1900 had been paid under the terms of the said agreement, leaving a balance, if any, of $8,875 due to plaintiff.

From a judgment in the sum of $8,875 in favor of plaintiff, defendant appeals to this court, urging (1) that the rights of the parties are determined by the Mexican divorce and the property settlement of November 15, 1934; (2) that the execution by defendant of a mortgage for $40,000 does not constitute a "refinancing of the real property", as contemplated by the terms of the property settlement agreement of May 22, 1935; (3) that the plaintiff by her acceptance of payments after the execution of the mortgage ratified continuance of the monthly·payment provisions of said property settlement.

Plaintiff in her Los Angeles County divorce complaint alleged that by reason of duress on the part of defendant, she was compelled to file for the Mexican divorce "by mail", and to enter into the property settlement of November 15, 1934. Furthermore, the property settlement of May 22, 1935, makes no mention of the Mexican divorce, but it ratifies the property settlement of November 15, 1934, and provides that in case of inconsistencies between the two documents the 1935 document shall prevail.

■ We believe that appellant's first point is untenable. It appears from the record that the Mexican divorce was a "mail order" divorce; that the matrimonial domicile of the parties at all times herein mentioned was in the state of California, and that at the time the complaint was filed in Mexico and the decree granted, both parties were residents

of Los Angeles County and physically present within its boundaries, neither appearing in the Mexican court. Domicile is necessary to give a court jurisdiction over the subject-matter of divorce; consequently, the purported decree of divorce secured in Mexico is a nullity because of lack of jurisdiction, the existence of jurisdiction being always a proper subject of inquiry in connection with any judgment of a foreign court offered in the courts of our own state. (*Delanoy* v. *Delanoy,* 216 Cal. 27, 34 [13 Pac. (2d) 719, 86 A. L. R. 1321]; *Kegley* v. *Kegley,* 16 Cal. App. (2d) 216, 220 [60 Pac. (2d) 482]; *People* v. *Harlow,* 9 Cal. App. (2d) 643, 646 [50 Pac. (2d) 1052]; *Ryder* v. *Ryder,* 2 Cal. App. (2d) 426, 431 [37 Pac. (2d) 1069].)

■ Under the first property settlement, plaintiff was to receive a monthly annuity until she remarried or one of the parties died. Under the second settlement, she was to receive a specified sum of money, payable in instalments during a period of five years, said payments to be accelerated upon the happening of certain contingencies, as hereinbefore referred to. As can readily be seen, these particular provisions of the two agreements are inconsistent, hence the agreement of May 22, 1935, should prevail, as was agreed by the parties thereto at the time of its execution.

■ The next question is whether or not the appellant by executing a mortgage for $40,000 refinanced the former obligation against the real property under the provisions of the property settlement of May 22, 1935. At the time the property settlement was executed, the community real property consisted of three parcels of land encumbered with trust deeds aggregating $46,000. Subsequently, one parcel was withdrawn from the provisions of the property settlement by virtue of a consent and waiver executed by plaintiff, and when the mortgage for $40,000 was executed by defendant, which was done without the consent of plaintiff, this apparently effected a reduction in the encumbrances existing against the two remaining lots. One of the meanings attributed to the word ''finance'' is the borrowing of money at interest, and according to Webster's New International Dictionary, second edition, ''refinance'' is ''To finance again or anew . . . ''. In addition, the practice by which real property is made security for loans evidenced by mortgages and trust deeds, and the renewal of such loans, has come to

be known in financial circles as "refinancing". At any rate, defendant by obtaining said loan changed the financial status of said property and assumed a new and different obligation, which we believe constituted a ·refinancing as contemplated by the property settlement agreement.

There is nothing in the record from which it can reasonably be inferred that plaintiff had any knowledge of the mortgage until she filed her complaint in this action. Under the circumstances, her acceptance of the monthly payments would not constitute a ratification of the continuance of such payments, nor a waiver of the acceleration clause contained in the settlement agreement.

The judgment appealed from is affirmed.

Doran, J., and White, J., concurred.