[Civ. No. 19565.   Second Dist., Div. One.   Sept. 29, 1953.]

LEONARD POSELLA, Respondent, v. JULIA BLANCHE POSELLA, Appellant.

Julia Blanche Posella, in pro. per., for Appellant.

Zagon, Aaron & Sandler for Respondent.

DRAPEAU, J.—Plaintiff husband brought this action for divorce. His wife countered with a cross-complaint for separate maintenance. After a three-day trial, the judge of the superior court found for the husband and against the wife, divided their community property equally between them, awarded custody of their three minor children to the wife, ordered the husband to support the children and directed him to make them beneficiaries of his life insurance policies.

The wife appeals from the interlocutory decree.

She was advised by her counsel that on the record she had no good grounds of appeal. Nevertheless she has prepared and filed her briefs in this court *in propria persona.*

The record has been carefully examined. No error or abuse of discretion of the trial court appears. The husband presented substantial evidence in support of the findings upon which the interlocutory decree and orders were based.

█ It is elementary law in this state that in such circumstances an appellate court has no power to set aside the decree. (*DeYoung* v. *DeYoung,* 27 Cal.2d 521 [165 P.2d 457]; *Norris* v. *Norris,* 50 Cal.App.2d 726 [123 P.2d 847]; *Scheibe* v. *Scheibe,* 57 Cal.App.2d 336 [134 P.2d 835]; *Krull* v. *Krull,* 105 Cal.App.2d 56 [233 P.2d 13].)

A review of this case leaves one with a feeling of sympathy for the helplessness of this woman, trying to plead her own case. She doesn't want a divorce; she has done the best she could. But, like a ship drifting in a strange sea, without chart or pilot, she never had a chance on appeal.

When her case was determined against her on conflicting evidence in the superior court, it was lost. █ For the benefit of appellant, the basic rule is quoted from 4 California Jurisprudence 2d page 487:

"Before an appellate court is justified in reversing a judgment on the ground of insufficiency of evidence, it must appear from the record that, accepting the full force of the evidence adduced, together with every inference favorable to the prevailing party that may be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes that prevailing party from recovering a judgment. The evidence must be considered by the appellate court, but not weighed as against the conflicting evidence, and it is immaterial that the appellate court would have determined that the weight of the evidence favored the appellant. All of the evidence most favorable to the respondent must be accepted;

and that unfavorable discarded as not having sufficient verity to be accepted by the trier of fact. If the evidence accepted is sufficient as a matter of law, *the judgment must be affirmed.* Thus, the character of the evidence presented by the appellant is of no significance, since only the character of the evidence offered by the respondent is material. That is the evidence which must be scrutinized to determine whether it offers the necessary support of the findings or verdict.'' (Emphasis added.)

The judgment is affirmed.

Doran, Acting P. J., and Scott (Robert H.), J. pro tem., concurred.

A petition for a rehearing was denied October 19, 1953, and appellant's petition for a hearing by the Supreme Court was denied November 24, 1953.