

# THE ATTORNEY GENERAL
## OF TEXAS

October 2, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. O. P. (Bob) Bobbitt        Opinion No. JM-804
Executive Director
Texas Department on Aging      Re:  Whether amendments to the
P. O. Box 12786                Texas Housing Agency Act and
Austin, Texas   78711          the Texas Finance Corporations
                               Act concerning housing for the
                               elderly apply   to  refunding
                               bonds

Dear Mr. Bobbitt:

You inquire about the scope of  the 1985 amendments to the Texas  Housing Agency  Act, article  1269l-6, V.T.C.S., and the  Texas Finance  Corporations Act,  Local Government Code, chapter  394 (formerly  codified as  article 1269l-7, V.T.C.S.).  Senate  Bill No.  969 of the 69th Legislature added provisions to each  act requiring the  reservation of space for elderly persons in specified housing developments financed by bond  issuances under  either act.   Acts 1985, 69th Leg., ch. 650, at 2399.  You wish to know whether this requirement applies to  refunding bonds issued  under these statutes.

The  Texas  Housing  Agency  is  authorized  to  make mortgage loans to private entities to  help finance low and moderate  income  housing developments.   V.T.C.S.  art. 1269l-6, §§9, 10.  The board of  directors has authority to issue revenue bonds to finance mortgage loans.  Id. §21(b); see also §§21(a); 48 (authority to issue general obligation bonds contingent on adoption  of constitutional amendment). Any  bonds  issued  by  the  agency  may  be  refunded,  or otherwise refinanced, by  the issuance of  refunding bonds. Id. §34.  The following provision was  added by Senate Bill No. 696 in 1985:

> Sec. 10A.  (a)  The  agency  shall  adopt rules to achieve occupancy of at least  five percent  of  the  units  in  a   multifamily housing development  by elderly  individuals of low  income  or  by families  of  low  or moderate  income  in  which  an  elderly individual is head  of the household.  This provision  applies  only  to  a  multifamily housing development that   contains at  least

> 20 units and is financed by bonds issued
> under this Act. (Emphasis added.)

V.T.C.S. art. 1269l-6, §10A(a).

A similar provision appears in the "Texas Housing Finance Corporations Act." Local Gov't Code §394.902. The act is also directed at increasing the amount of housing available to persons of low and moderate income. Local Gov't Code §394.002. It authorizes local governments to approve the formation of public nonprofit housing finance corporations with power to issue bonds to assist in financing residential ownership and development for persons of low and moderate income. Id. §§394.011; 394.012; 394.032(a)(4); 394.037. Section 394.902 provides in part:

> (a) The housing finance corporation shall require that at least five percent of the units in a multifamily residential development be built or renovated and be reserved for the lifetime of the development for occupancy by elderly persons of low income or by families of low or moderate income in which an elderly person is the head of a household if the development:
>
> (1) contains at least 20 units; and
>
> (2) is financed by bonds issued under this chapter as a result of an official decision to issue bonds that occurs on or after January 1, 1986.

Instead of requiring a reservation of units for the elderly, a housing finance corporation may collect a fee from the person who receives a loan for residential development and remit the fee to the Texas Department on Aging. Local Gov't Code §394.902(b). Housing Finance Corporations, like the Texas Housing Agency, have authority to issue refunding bonds. Id. §394.037(b).

You ask whether the required reservation of space for the elderly applies to a housing development financed under either act by the issuance of bonds prior to the effective date of the requirement and refinanced after the effective date through the issuance of refunding bonds. Under the Housing Finance Corporation Act, this requirement applies only if a development contains at least 20 units and it

> is financed by bonds issued . . . as a
> result of an official decision to issue

> bonds that occurs on or after January 1, 1986. (Emphasis added.)

Local Gov't Code §394.902(a)(2). The development is "financed" by the original bond issuance, which provides a fund to pay development costs. This is the appropriate time to apply design requirements, when funds are first made available for a project.

The issuance of refunding bonds extends the time for paying an existing debt previously funded by a bond issuance. See City of Long Beach v. Lisenby, 179 P. 198 (Cal. 1919); Lee v. Hancock County, 178 So. 790 (Miss. 1938). Refunding bonds do not create new debt, but merely continue existing debt. Dallas County v. Lockhart, 96 S.W.2d 60 (Tex. 1936). Refinancing a debt by issuance of refunding bonds continues the original financing, but does not provide the developer with more funds to perform the work. See generally Du Quesnay v. Henderson, 74 P.2d 294 (Cal. App. 1937); Collector of Revenue v. Mossler Acceptance Co., 139 So.2d 263 (La. App. 1962) (defining "refinancing").

Since the issuance of refunding bonds under chapter 394 of the Local Government Code merely extends an existing obligation and existing financing, we believe the reservation of space for elderly persons under section 394.902 does not become applicable when a development is refinanced by the issuance of refunding bonds. The requirement is applicable to the provision of original financing by the issuance of bonds on or after January 1, 1986. Where the original bonds were issued prior to that date, the development is not subject to the reservation requirement, even if refunding bonds are issued after that date. This reasoning and conclusion also apply to the issuance of refunding bonds under the Texas Housing Agency Act.[1]

---

1. As amended in 1985, article 1269l-6, V.T.C.S., was also subject to the elderly reservation requirement only with respect to housing developments financed by bonds issued as a result of an official decision to issue bonds that occurred on or after January 1, 1986. See Acts 1985, 69th Leg., ch. 650, §10, at 2403. The limitation was repealed by the Local Government Code adopted in 1987. Acts 1987, 70th Leg., ch. 149, §49(3), at 2397. This limitation was a transitional provision applicable to transactions occurring while it was in effect. See Langever v. Miller, 76 S.W.2d 1025 (Tex. 1934); State v. Steck Co., 236 S.W.2d 866 (Tex. Civ. App. - Austin 1951, writ ref'd). Since the time for pre-1986 transactions has elapsed, the limitation no longer needs to be included in the statute.

Article 12691-6, V.T.C.S., also includes the following provision:

> Bonds issued by the agency also may be refunded in the manner provided by any other applicable statute, including . . . (Articles 717k and 717k-3, Vernon's Texas Civil Statutes).

V.T.C.S. art. 12691-6, §34(d). Articles 717k and 717k-3, V.T.C.S., provide full authority to refund bonds. Refunding of bonds under these statutes would not be subject to the requirement in section 10A of article 12691-6, V.T.C.S., of reserving space for the elderly. It is therefore apparent that the legislature did not intend the issuance of refunding bonds to subject the development to the section 10A requirement.

### S U M M A R Y

The refinancing of a housing development by issuance of refunding bonds under article 12691-6, V.T.C.S., the Texas Housing Agency Act, or chapter 394 of the Local Government Code, the Texas Finance Corporation Act, does not impose upon the housing development the requirement that space be reserved in the development for elderly occupants.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General