[S. F. No. 4.    Department Two.—December 13, 1895.]

IN THE MATTER OF THE ESTATE OF JAMES CONNORS, DECEASED. PHILIP CONNORS, RESPONDENT, v. J. K. SECORD, APPELLANT.

ESTATES OF DECEASED PERSONS—RIGHT OF ADMINISTRATION—COMPETENCY OF FATHER OF DECEASED—IMPROVIDENCE— QUESTION OF FACT.—Where the competency of the father of a deceased person, who petitioned for letters of administration upon the estate of his son, was contested by the public administrator, by reason of the alleged improvidence of the father rendering him incompetent to serve as administrator, the question as to whether the petitioner was incompetent to serve as administrator by reason of his improvidence or not is a question of fact to be determined by the court below, in view of all the evidence before it; and where the evidence is substantially conflicting, and there is sufficient evidence to sustain a finding that the father was not improvident or incompetent, its determination cannot be disturbed on appeal upon mere technical grounds.

ID.—NATURE OF IMPROVIDENCE.—The improvidence which is a ground of exclusion of a relative of the deceased from administration is that want of care or foresight in the management of the property which would be likely to render the estate and effects of the intestate unsafe, or liable to be lost or diminished in value by improvidence, in case administration thereof should be committed to such improvident person.

ID.—EVIDENCE—CHARACTER — GENERAL REPUTATION — TESTIMONY AS TO IMPROVIDENCE.—Although, as a general rule, character can only be proved by general reputation, and cannot be shown by evidence of particular and specific facts, but may be proved by negative testimony, yet, where the testimony adduced as to the improvidence of the defendant not only assailed his general reputation for providence, industry, and sobriety, but stated that he squandered his money for liquor and contributed nothing to the support of his family, it is competent to meet and overcome such evidence by proof that he had accumulated property, was never intoxicated, had supported his wife and family while residing with him, had never squandered his money, and was known as an honest, sober, and industrious man, and always paid his bills.

ID.—CONTEST OF ADMINISTRATION—FAILURE TO MAKE FINDINGS—IMMATERIAL OMISSION.—Conceding without deciding that upon a contest for the right of administration of the estate of a deceased person findings are necessary, an appellant is not aggrieved by the failure of the court to make findings where it is apparent that the court must have believed the witnesses for the respondent, and that if any findings had been made, they must have been adverse to the appellant.

APPEAL from an order of the Superior Court of Santa Clara County granting letters of administration. W. J. LORIGAN, Judge.

The facts are stated in the opinion.

*J. J. O'Toole,* for Appellant.

Improvidence is an attribute of character, and an attribute of character can only be proved or disproved by proof of general reputation. (1 Greenleaf on Evidence, sec. 55; 3 Am. & Eng. Ency. of Law, 114, 115; *Evans* v. *Delay,* 81 Cal. 103; *Coope* v. *Lowerre,* 1 Barb. Ch. 45–48; *In re Bauquier,* 88 Cal. 302.) The absence of a finding of fact on the question of improvidence is fatal. (Code Civ. Proc., secs. 632–34; *Dowd* v. *Clarke,* 51 Cal. 262; *Speegle* v. *Leese,* 51 Cal. 415; *Haffenegger* v. *Bruce,* 54 Cal. 416; *Savings etc. Soc.* v. *Thorne,* 67 Cal. 53; Hayne on New Trial and Appeal, secs. 240, 246; *Ball* v. *Kehl,* 95 Cal. 606.) When issues of fact are tried in probate matters, findings of fact are proper. (Code Civ. Proc., secs. 1313, 1716; *Estate of Crosby,* 55 Cal. 575; *In re Arguello,* 85 Cal. 153.)

*William A. Bowden,* for Respondent.

Improvidence refers to habits of mind and conduct which become a part of the man, and render him generally, and under all circumstances, unfit for the trust or employment in question. (*Emerson* v. *Bowers,* 14 N. Y. 449; *Root* v. *Davis,* 10 Mont. 228; Alexander and Joseph's Probate Practice, sec. 55, p. 91, note.) Courts should exercise their power of refusing to appoint a person entitled to be appointed administrator only upon clear and convincing evidence establishing disqualifying facts. (*Estate of Pacheco,* 23 Cal. 480; *In re Bauquier,* 88 Cal. 310–13; *Coope* v. *Lowerre,* 1 Barb. Ch. 45; *Stearns* v. *Fiske,* 18 Pick. 24.) Findings of fact are not necessary in probate proceedings. (*Estate of Sanderson,* 74 Cal. 201; *Estate of Crosby,* 55 Cal. 574; *Estate of Moore,* 96 Cal. 522; *In re Arguello,* 85 Cal. 152; *Miller* v. *Lux,* 100 Cal. 613.)

BELCHER, C.—James Connors died intestate in the county of Santa Clara, leaving as his heirs at law his

father and mother and two sisters. In due time the father, Philip Connors, filed in the superior court of that county his petition, alleging that the estate of the decedent consisted of personal property, and the value of it did not exceed the sum of fifteen hundred dollars, and praying that letters of administration upon the estate be issued to him. Thereafter J. K. Secord, the public administrator of the county, filed his petition alleging that the father of the decedent, by reason of his improvidence, was incompetent to serve as administrator, and that the mother of the decedent, by reason of the fact that she asserted a claim to all of said estate, was incompetent to serve as administratrix; that by rea- son of the disqualification of the father and mother of the decedent to administer the estate, the petitioner was entitled to act as administrator thereof, and praying that letters of administration be issued to him.

The two petitions came on regularly for hearing at the same time, and "the court having heard the testi- mony of witnesses duly sworn and examined on the part of both said petitioners," it was ordered that the peti- tion of J. K. Secord be denied, and that the petition of Philip Connors be granted, and that letters of adminis- tration be issued to him upon his giving a bond in the sum of three thousand dollars.

From this order petitioner Secord appealed.

Two points only are made for a reversal. They are: 1. That the order was not justified by the evidence, be- cause it was shown thereby that Connors was incompe- tent to execute the trust by reason of his improvidence; 2. That no findings were filed.

Under our statute the father was entitled to be ap- pointed administrator of the estate of his deceased son, unless he was "adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity." (Code Civ. Proc., secs. 1365, 1369.)

In support of the first point appellant called two wit- nesses. P. A. Donavan testified: "I know Philip Con-

nors, and have known him for a number of years; his general reputation for providence, industry, and sobriety is bad. I never saw him intoxicated but once. I never heard of his having any trouble except with me. . . . . I am not friendly with Philip Connors, and have not been for some time." Mrs. Bridget Connors testified that she had been married to Philip Connors twenty-five or twenty-six years, and had separated from him; that "Connors always squandered nearly all he earned for liquor. At one time I gave him a hundred dollars to pay the funeral expenses of his dead sister; he did not pay them, but squandered the money for liquor. He would work during the day, and at night go out to the saloons and stay out nearly all night; when he would return home he would be intoxicated. He did most of his drinking and carousing at night. He has contributed nothing to the support of myself and family for the past five years. The general reputation of Philip Connors for providence, industry, and sobriety is bad."

On the other hand, the respondent was called as a witness in his own behalf, and testified that he had resided in the city of San Jose for twenty years; that he bought a lot in that city nearly twenty years ago, and a few years later built a house on it, and that the purchase price was paid entirely by him; that for the past five years he has been engaged in the express business and had a horse, wagon, and harness which he purchased and paid for himself; that he resided alone in his house and kept it in as good condition as he was able; that he always remained at home in the evenings; that he never was intoxicated in his life and seldom drank intoxicating liquors; that while his wife and family resided with him he always supported them entirely with his earnings; and that "I am entirely out of debt, have paid for my house and lot, and do not owe a cent to anybody." And, on being recalled, he further testified: "I never squandered my money or my earnings in drink or in any other way. I never squandered the money paid for my dead sister's funeral expenses, or at all. I

worked during the day, but never went to the saloons and staid nearly all night, and never returned home intoxicated. I never drank excessively at night, or at all, and never caroused. My earnings were spent at home."

Seven other witnesses were called for respondent. One of them testified that respondent purchased from him the lot, which he now owns, some twenty years ago, and that "I know his habits and consider him a first rate, industrious man." Four of them testified that they had known respondent for the past five years; that they had never seen him intoxicated; saw him about town on his wagon; had only business dealings with him; and that he seemed to be an honest, sober, and industrious man. And two of them testified that they had known respondent for five years; that he came to their store to buy provisions; that they did not think they had ever seen him intoxicated; that he seemed to be an honest, sober, and industrious man, and that he always paid his bills.

Improvidence is defined to be: "Want of care or foresight in the management of property." (10 Am. & Eng. Ency. of Law, 321.) And in *Coope* v. *Lowerre*, 1 Barb. Ch. 45, it is said: "The improvidence which the framers of the Revised Statutes had in contemplation, as a ground of exclusion, is that want of care or foresight in the management of property which would be likely to render the estate and effects of the intestate unsafe, and liable to be lost or diminished in value by improvidence, in case administration thereof should be committed to such improvident person."

Whether the respondent was incompetent to serve as administrator by reason of his improvidence or not was a question of fact to be determined by the court below in view of all the evidence before it, and its determination cannot be disturbed on appeal upon mere technical grounds.

It is claimed for appellant that improvidence is an attribute of character, which can only be proved or dis-

proved by evidence of general reputation; and that all the evidence introduced by respondent to disprove the charge of improvidence was inadmissible and should be disregarded.

We do not think this claim can be sustained. The general rule undoubtedly is as stated, that " character is a fact which is proved by another fact—general reputation. It cannot be shown by evidence of particular and specific facts, but may be proved by negative testimony." (3 Am. & Eng. Ency. of Law, 114.) The evidence of respondent appears to have been offered and received without any objection, and, in our opinion, it was sufficient to meet and overcome that offered by appellant. It was not alone made up of particular and specific facts, but tended directly and strongly to negative the charge made by appellant.

As to the second point, conceding, without deciding, that in a case of this kind findings are necessary, still the appellant was in no way " aggrieved" by the failure of the court to make findings. The rule is that the failure to find on a material issue will not warrant a reversal of the judgment, if the findings omitted must have been adverse to the appellant. (*People* v. *Center*, 66 Cal. 551; *Murphy* v. *Bennett*, 68 Cal. 528; *Demartin* v. *Demartin*, 85 Cal. 75.)

Here it is apparent that the court must have believed the witnesses for respondent, and, therefore, if findings had been made, they must have been adverse to appellant.

It follows that the order appealed from should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

MCFARLAND, J., HENSHAW, J., TEMPLE, J.