[S. F. No. 193.    Department Two.—June 11, 1896.]

## JOSEPHINE SMITH, Appellant, v. CHARLES H. SMITH, Respondent.

HUSBAND AND WIFE—DECREE FOR PERMANENT MAINTENANCE OF WIFE AND
   CHILD—MODIFICATION—JURISDICTION.—The superior court has jurisdic-
   tion to modify a decree for permanent maintenance of a wife and child,
   when living together, by diminishing the allowance made for her sepa-
   rate support and maintenance, and increasing the allowance made for
   the support and education of the child, when subsequently required to
   attend a boarding school at increased expense.

ID.—CHANGE OF DISPOSITION OF DECREE—ANALOGY TO DIVORCE JURISDIC-
   TION.—The court has power to change the disposition of a decree for
   permanent maintenance, the remedy being enforced after analogies
   drawn from the divorce jurisdiction.

ID. — ACTION OF COURT — PRESUMPTION—PECUNIARY CONDITION OF PAR-
   TIES—PETITION FOR NEW MODIFICATION OF DECREE.—Upon a petition
   for a new modification of a decree for permanent maintenance, it must
   be presumed that the court took into view the pecuniary condition and
   requirements of the parties, and their relative claims to equitable con-
   sideration, both in rendering its original decree and in modifying the
   same; and a modified decree is not to be subsequently assailed upon a
   petition for a new modification thereof, for matters occurring before
   its rendition, where there is no showing of mistake, inadvertence, sur-
   prise, or excusable neglect.

ID.—REMEDY FOR ARREARS OF PAYMENT.—Where the husband is in arrears
   of payment directed by the court, the proper course is to proceed
   against him for contempt in failing to obey the decree; and no further
   order to pay is needed.

ID.—PETITION FOR MODIFICATION OF DECREE—DISCRETION.—A petition for
   the modification of a decree for permanent maintenance, or for a new
   modification thereof, is a matter addressed to the discretion of the court,
   and its action will not be disturbed, except for abuse of discretion.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to modify a decree for permanent maintenance.    J. C. B. HEBBARD, Judge.

The facts are stated in the opinion.

*H. L. Gear*, for Appellant.

The decision was an arbitrary denial of justice.    Dis-
cretion to do justice is not arbitrary, but must be gov-
erned by principles of justice and equity.    (*People* v.
*Logan*, 4 Cal. 189; *Bailey* v. *Taaffe*, 29 Cal. 424; *People*

v. *Strong*, 30 Cal. 158; *Ex parte Hoge*, 48 Cal. 5, 6; *People* v. *Yoakum*, 53 Cal. 567; *People* v. *Jones*, 63 Cal. 168, 169; *Turner* v. *Turner*, 80 Cal. 144; *Sharon* v. *Sharon*, 75 Cal. 48; *Burr* v. *Burr*, 7 Hill, 210.) The court had no power to modify its final judgment of March, 1894. It could only modify orders respecting the enforcement of the judgment. (Civ. Code, sec. 137.) Whether justice requires a modification of the decree must be determined from all the facts in the case. (*Ela* v. *Ela*, 63 N. H. 116; *Graves* v. *Graves*, 108 Mass. 314; *Sparhawk* v. *Sparhawk*, 120 Mass. 391; *Thomas* v. *Thomas*, 41 Wis. 233; *Semrow* v. *Semrow*, 23 Minn. 214; *Thurston* v. *Thurston*, 38 Ill. App. 464.)

*Foshay Walker*, for Respondent.

An essential attribute of "abuse of judicial discretion" is that the decision must plainly appear to effect injustice. (*Clavey* v. *Lord*, 87 Cal. 419.) Allowance of alimony will not be reviewed unless discretion be clearly abused. (*Cleghorn* v. *Cleghorn*, 66 Cal. 309; Gear's California Index-Digest, 267, tit. "Review of Discretion"; *Langan* v. *Langan*, 91 Cal. 654; *Wolff* v. *Wolff*, 102 Cal. 433.)

BRITT, C.—Plaintiff is the wife of defendant. She began this action July 5, 1893, to enforce from him permanent maintenance of herself and their minor child, a boy then near fourteen years of age; alleging in her complaint that defendant willfully deserted her on May 18, 1892; that he receives a salary of three hundred dollars per month; and that he usually paid her one hundred and fifty dollars per month for the support of herself and said child until May 31, 1893, when he refused to make further payments. Defendant by his answer admitted his salary to be two hundred and seventy-five dollars per month; he charged plaintiff with certain misconduct, but at the trial admitted "for the purpose of this case only" the desertion alleged by her. The court made an order for plaintiff's alimony pending the suit, and by its decree rendered after trial,

January 3, 1894, required defendant to pay to her each month, until otherwise ordered, one hundred dollars "for her individual support and maintenance, and forty dollars for the support and maintenance of" said minor, who had elected to remain in his mother's custody. On March 7, 1894, both parties being before the court, an order was made reciting that plaintiff has become unable to control said minor and is unwilling to have the further charge of him, and directing that he be placed at a certain school, there to remain under the control of the court, with permission to visit, and be visited by, both parents at reasonable intervals; reciting also as a fact that the sum of eighty dollars per month will be all that is necessary or proper for the support of plaintiff individually when relieved of the care of said child, and reducing the provision for plaintiff's personal maintenance to eighty dollars per month, and increasing that for the child to seven hundred and twenty dollars per year, which latter sum defendant was required to pay for his support at said school.

April 19, 1895, plaintiff moved the court for an order commanding defendant to pay sums amounting to one hundred and twenty-one dollars and fifty cents, which she claimed to be in arrears upon the decree; also the further sum of five hundred dollars to discharge certain obligations of her contracting; and to restore her monthly stipend of one hundred dollars, as it existed before the modifying order of March, 1894. This motion was supported by her affidavit, which stated, among other matters, that between May 31, 1893, and August 15, 1893, her husband paid nothing for her maintenance, and, in consequence, she incurred debts during that time which remain unpaid; that she has paid out eighty-one dollars and sixty-five cents in order to keep in force a policy of insurance on defendant's life in her favor; that from May 31, 1893, to January 15, 1894, she was at the sole charge of maintaining the said minor; that said minor has visited her several times at her expense; and that in justice she ought to have the sum

of one hundred dollars per month for her personal maintenance. Her motion was denied. Hence this appeal.

It must be presumed that the court took into view the pecuniary condition and requirements of the parties, as well as their relative claims to its equitable consideration, when it made the decree of January 3, 1894, providing for the support of plaintiff and the minor child; and the like presumption must be made in favor of the modifying order of March, 1894. If the court abused its discretion on either of those occasions, the plaintiff might easily have brought the evidence disclosing such abuse to this court for review. That the court had jurisdiction to enter the order of March, 1894, changing the dispositions of the original decree, we have no doubt (Civ. Code, sec. 137); the remedy being "enforced after analogies drawn from the divorce jurisdiction" (1 Bishop on Marriage, Divorce, and Separation, 1421); and the modified decree is not to be assailed now, for matters occurring before its rendition, on a mere affidavit which shows no circumstance of mistake, inadvertence, surprise, or excusable neglect. If defendant was in arrears of payments directed by the court, the proper course was to proceed against him for contempt in failing to obey the decree; no further order to pay was needed. Treating the affidavit as a petition for a new modification of the original decree, it was a matter addressed to the discretion of the court, and the record discloses nothing to convince us that in denying the motion the court exercised its discretion arbitrarily or injudiciously.

The order should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.

Hearing in Bank denied.