[S. F. No. 13974. In Bank.—April 22, 1932.]

ELIZABETH LEGNA O'TOOLE, Appellant, v. FREDERICK P. O'TOOLE, Respondent.

442

John L. McVey for Appellant.

Julian D. Brewer for Respondent.

WASTE, C. J.—Appeal from an order revoking an order theretofore entered in a separate maintenance action directing the respondent husband to pay to the appellant $50 a month for her maintenance and support until the further order of the court.

The parties intermarried in 1908 and separated in 1924, since which time they have not lived together. They have no children. In 1928 appellant filed an action for separate maintenance and support, alleging desertion and cruelty, and asking for an equitable division of the community property and assets of the parties, $125 a month for her maintenance, counsel fees and costs. The respondent answered and cross-complained seeking a judgment of divorce on the ground of alleged cruelty. Upon a motion for temporary allowance the superior court directed that the respondent pay to the appellant $50 a month until further order so that she might rehabilitate herself vocationally, it appearing that she was capable of and fitted by training to secure gainful employment. Upon the trial of the cause a division of the community property rights and assets of the parties was decreed and the monthly allow-

ance of $50 continued until the further order of court. This sum was paid regularly to the appellant for two years. A divorce was denied to the respondent on his cross-complaint.

In 1930 the respondent filed a motion supported by affidavit to revoke the order for separate maintenance on the ground that the same was made merely to assist the appellant to return to gainful employment, respondent urging that the appellant was gainfully employed and therefore no longer dependent upon him for support and maintenance. The appellant controverted this. The motion came on for hearing upon conflicting affidavits and the oral testimony of the appellant. The motion was granted and the allowance order revoked until further order, the court ruling that the appellant was "mentally, physically and vocationally qualified to earn her own livelihood; that said plaintiff [appellant] is now engaged in gainful employment and that she is not dependent on this defendant for maintenance and support". From this latter order the wife prosecutes this appeal.

While conceding the power of the court below to alter or revoke the provisions of its decree awarding to her separate maintenance and support, appellant contends that such power may only be properly exercised where changed conditions appear. She then urges that there has not been such a change in the condition or position of the parties hereto as to warrant the making of the order appealed from.

Respondent, on the other hand, urges that the whole matter is one addressed to the sound discretion of the trial court whose conclusion will not be disturbed on appeal in the absence of a clear showing of abuse in the exercise of such discretion.

The contention of respondent is sound. Proper grounds may always be presented for the purpose of modifying or revoking an award of separate maintenance. Changed conditions of the parties will justify such action. (1 Cal. Jur. 1037, 1038; 30 Cor. Jur. 1095, 1096.) Upon conflicting evidence the court below has decided that the appellant has been returned to gainful employment and is no longer dependent upon the respondent for her support

and maintenance. We perceive no abuse of the trial court's discretion.

The order is therefore affirmed.

Shenk, J., Curtis, J., Seawell, J., Preston, J., Langdon, J., and Tyler, J., *pro tem.*, concurred.