[Civ. No. 6097. Third Appellate District.—February 14, 1939.]

WALTER P. GREER, Respondent, v. ZELMA GREER, Appellant.

Gilford G. Rowland for Appellant.

Chester F. Gannon and John B. Heinrich for Respondent.

ROSS, J., *pro tem.*—In an action for divorce appellant was granted a divorce from respondent on her cross-complaint, and respondent was ordered to pay $70 per month for her

support for a period of 12 months, and thereafter $60 per month.

A motion was made by respondent in May, 1935, asking modification of the decree, but this was denied. In June, 1936, a second such notice was made, on proper notice, and submitted after hearing and argument. On this hearing testimony was heard in behalf of both parties. On July 9, 1936, the trial court made the following order:

"The motion of the plaintiff and cross-defendant herein to modify the final decree of divorce herein having come on regularly for hearing on Monday, the 20th day of June, A. D., 1936, and the plaintiff and cross-defendant appearing in person and by his attorney at law, Chester F. Gannon, and the defendant and cross-complainant appearing in person and by her attorney-at-law, Gilford G. Rowland, and oral and documentary evidence having been taken, and good cause appearing therefore,

"It Is Hereby Ordered, Adjudged and Decreed that the judgment of divorce herein made on the 7th day of March, 1934, and entered on the 7th day of March, 1934, in Book 72 of Judgments at page 68 thereof, be and the same is hereby modified by striking therefrom the order heretofore made and wherein plaintiff and cross-defendant was ordered to pay to the defendant and cross-complaint herein the sum of $60.00 per month thereafter, and the plaintiff and cross-defendant is hereby relieved from the payment to defendant and cross-complainant herein of any sum whatsoever for defendant and cross-complainant's support and maintenance, after the 22nd day of December, A. D., 1936. That the said payment of $60.00 per month hereinbefore referred to shall continue until the said 22nd day of December, A. D., 1936, at which time all monthly payments shall be at an end and cease."

This appeal is taken from said order of July 9, 1936, and is on the judgment roll alone.

 The appellant makes two main points:

First: That there was not sufficient, nor any, findings of fact to support the order, and that, there having been a trial of an issue of fact, findings were necessary;

Second: That the trial court does not have power to completely and permanently terminate the payments for support which had been included in the decree.

Although appellant filed no counteraffidavit or other pleadings to the notice of motion of June, 1936, she did appear at the time set in the notice of motion and through her counsel opposed the motion and produced evidence. There was an issue of fact.

The question whether such changed conditions in the circumstances of the respective parties were shown by the evidence taken at the hearing as to justify the modification made by the order of July 9, 1936, does not arise in this appeal on the judgment roll, but appellant claims there should be a definite finding of such changed conditions.

"On an appeal on the judgment roll, when the record presents a judgment without findings, the presumption in its favor is that findings were waived. This presumption the appellant must overcome by embracing in his record on appeal an affirmative showing by Bill of Exceptions, statement or other appropriate method, that findings were not waived." (*Hutton* v. *Newhouse,* 41 Cal. App. 689 [183 Pac. 276].) This rule would seem to apply in the instant case. The only showing is the assertion of counsel, and the fact that no waiver appears in any of the minutes of the trial court which are included in the record on appeal.

Regardless of any waiver of findings in the trial court, however, it would seem that appellant was not so aggrieved by any failure to file findings that she can object for the first time on appeal. Quoting, *In re Connors' Estate,* 110 Cal. 408, at p. 413 [42 Pac. 906] : "Conceding, without deciding, that in a case of this kind findings are necessary, still the appellant was in no way aggrieved by the failure of the court to make findings. The rule is that the failure to find on a material issue will not warrant a reversal of the judgment, if the findings omitted must have been adverse to the appellant."

In the instant case the sole issue was whether there was a changed condition in the circumstances of health, finances, etc., of the respondent, and it is apparent from the order of modification, that the trial court decided that there was such change, and any written finding would have therefore been adverse to appellant herein.

■ As to the power of the trial court under section 139 of the Civil Code to permanently relieve a husband from future payments of alimony, we think the case of *McClure* v. *Mc-*

*Clure,* 4 Cal. (2d) 356 [49 Pac. (2d) 584, 100 A. L. R. 1257], is decisive of the question, and the holding in that case on the point in question does not appear to be *dictum,* as the point was directly in issue before the Supreme Court.

Without quoting from that case at length, it is sufficient to say that the rule there laid down is that the power granted to the court to ''modify'' alimony allowances includes a right in proper cases to terminate finally the obligation to pay alimony.

The order in the instant case does not vacate or annul the divorce decree, which concededly had become final, but merely strikes therefrom the provision for payments of alimony as applicable to a period in the future, which follows closely the approved procedure in the McClure case.

The order appealed from is affirmed.

Pullen, P. J., and Thompson, J., concurred.