[L. A. No. 19622. In Bank. June 25, 1946.]

EDWIN RUE MONROE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Reynolds & Painter and Louis Miller for Petitioner.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel, and Hahn, Ross & Goldstone for Respondents.

TRAYNOR, J.—A decree of separate maintenance ordered petitioner to pay his wife, for 27 months, $250 per month for her support and $50 per month for the support of their child. The decree provided that at the end of that period the payments for the support of the child should be increased to $100 per month. The court expressly reserved jurisdiction to make further orders regarding the support of the child, but made no such reservation as to the support of the wife. Petitioner complied with the decree. After the expiration of the 27 months petitioner's wife applied for a modification of the decree and a further allowance for her support, alleging that the circumstances upon which the decree was based had materially changed. Petitioner seeks a writ of prohibition to restrain respondent court from proceeding in the matter on the ground that it lacks jurisdiction to modify the decree.

A writ of prohibition can issue in this case only if, despite changed circumstances, the trial court lacks jurisdiction to

grant petitioner's wife a further allowance for her support. Hence, the question is not what changes in circumstances would justify the court in modifying its decree, assuming that it has the power to do so, but whether it has that power, assuming a sufficient change in circumstances.

The right to support arises out of the marriage relationship. (Civ. Code, § 155.) A separate maintenance decree does not end the marriage, and therefore does not end the obligation to support; it only regulates the extent of that support. It is settled that a decree of separate maintenance can be modified upon a showing of changed circumstances. (Civ. Code, § 137; *O'Toole* v. *O'Toole,* 215 Cal. 441, 443 [10 P.2d 461]; *Smith* v. *Smith,* 113 Cal. 268, 271 [45 P. 332]; *Booth* v. *Booth,* 100 Cal.App. 28, 32 [279 P. 458]; *Parker* v. *Parker,* 74 Cal.App. 646, 654 [241 P. 581], and cases cited in 42 C.J.S. § 626, n. 62.) This rule is applicable to the period for which support is granted as well as to the amount thereof. Just as it may become necessary to increase the amount of support for a period of special needs, so it may become necessary to grant support for a period not covered by the original decree.

Petitioner contends that section 137 of the Civil Code, which authorizes the court to modify its orders in a separate maintenance action, should be given a construction comparable to that of section 139 with respect to alimony in the case of a divorce. He relies upon *Long* v. *Long,* 17 Cal.2d 409 [110 P.2d 383], and *Tolle* v. *Superior Court,* 10 Cal.2d 95 [73 P.2d 607], which held that the court has no power to modify a decree of divorce by granting a wife support after the decree has become final and the period has elapsed during which payments were to be made, unless the court reserved the power to do so. In *Tolle* v. *Superior Court, supra,* and *Long* v. *Long, supra,* the parties were no longer husband and wife when the attempt was made to have the court modify its decree. In contrast, section 137 presupposes that the parties remain married.

When a divorce has been granted and the marital relation has ceased to exist, the jurisdiction that the court had over matters of support is exhausted unless the court has reserved it in an authorized manner. In the present case, however, there was no need for the court to reserve jurisdiction at the time it rendered its decree, for its jurisdiction would continue as long as the marital relationship continued. The order that

gave a 27-month allowance to petitioner's wife did not give the court any jurisdiction over that allowance that it would not otherwise have had. Nor did it deprive the court of any jurisdiction that it otherwise would have had, for the court cannot divest itself of such jurisdiction while the parties remain married. So long as they are married, the court cannot refuse to consider whether the husband should be required to support his wife, for it not only has the power to grant an allowance to the wife for her support, but it may also have the duty to do so under certain circumstances. In *Baumgarten* v. *Baumgarten*, 107 N.J.Eq. 274 [151 A. 606], the wife was awarded $5,000 in a lump sum for her separate maintenance in a decree that went even farther than the one in the present case, since it expressly stated that payment of that sum would permanently discharge the husband's obligation. Two years later the court nevertheless held that upon a showing of changed circumstances the wife would be entitled to a further allowance for her support. "The court cannot divest itself of the authority and the duty to make such further orders touching the support and maintenance of the wife as may be just and equitable. The order of March 21, 1928, should be interpreted to mean that the payment of the gross sum of $5,000 should satisfy the claims of the complainant against the defendant for maintenance only until equity and justice require the payment of additional sums." (107 N.J.Eq. 274, 280.)

Since the court has power under certain circumstances to deny any maintenance to the wife, it may give her an allowance for a limited period only. The court determined in the present case that given the circumstances in which the parties found themselves when the decree was rendered, petitioner's wife should be given an allowance for 27 months only. When the decree was rendered, petitioner's wife apparently had no objection to losing her allowance at the end of the 27 months, for she did not appeal from the decree. She does not now contend, however, that the court should then have given her an allowance for a longer period. She merely contends that circumstances have so changed that the court should now give her another allowance. In *Binkow* v. *Binkow*, 298 Mich. 609 [299 N.W. 734], the trial court granted separate maintenance to the wife for a period of two years. After that period elapsed the wife sought a further allowance for her support. The Supreme Court of Michigan denied her such allowance on the ground that she had made no showing of changed cir-

cumstances. The court may similarly conclude in the present case that petitioner's wife is not entitled to the modification that she seeks. Petitioner cannot prevent the court, however, from passing upon that question.

Petitioner contends that *Erkenbrach* v. *Erkenbrach,* 96 N.Y. 456, and *Koehl* v. *Koehl,* 92 Misc. 579 [156 N.Y.S. 234], support his position. Those cases are distinguishable, however, for they are concerned only with a question of statutory construction, and the statute involved, unlike section 137 of the Civil Code, did not allow the decree to be modified under any circumstances. Moreover, those cases involved decrees of limited divorce, whereas the present case is one of separate maintenance. It is not necessary to determine here in what respects an action for separate maintenance differs from actions for limited divorce, divorce from bed and board or judicial separation, as they are variously known (see 3 Nelson, Divorce and Annulment (2d ed., 1945) § 32.05) for, as it exists in California, it differs from them in one respect that makes the New York cases inapplicable. A limited divorce places the relationship of the parties beyond the reach of either of them alone. They are still married in the sense that neither may remarry, but they are no longer married in the sense that either can give the other the choice of resuming the marital relation or being guilty of desertion. As between themselves the parties are in the same position as they are after a decree of absolute divorce. The California law makes no provision for such limited divorces. It was expressly so held in *McMullin* v. *McMullin,* 123 Cal. 653 [56 P. 554], and although *Grant* v. *Grant,* 68 Cal.App. 23 [228 P. 412], contains a dictum to the contrary, the question was definitely settled in *Cardinale* v. *Cardinale,* 8 Cal.2d 762 [68 P.2d 351]. In that case the husband obtained a Nevada divorce some ten years after his wife had secured a decree of separate maintenance in this state. The husband then moved to stop his payments under that decree. The wife countered with an attack upon the divorce and the contention that the maintenance decree had established that not she but her husband was at fault. This court held that, although that decree established she was the innocent party when it was rendered, her attack upon the divorce must fail, for the evidence disclosed that the husband may have made a subsequent offer in good faith to fulfill his marital obligations and that she may thereafter have

given him a cause of action for divorce. It is clear that had the decree that she secured been a decree of limited divorce, a subsequent offer to resume marital relations could have no effect, at least not until it was accepted.

Petitioner's application for a writ of prohibition is denied and the alternative writ heretofore issued is discharged.

Gibson, C. J., Shenk, J., Edmonds, J., and Spence, J., concurred.

CARTER, J.—I dissent. This proceeding in prohibition tests the question whether a trial court has jurisdiction to enter in a separate maintenance action a decree which finally and conclusively adjusts the property rights of the spouses and is not subject to modification upon a showing of changed circumstances.

Here the trial court entered a decree of separate maintenance which contains no reservation of jurisdiction as to property rights or otherwise, and which purports to be a final decree and to fully and forever settle the reciprocal rights and obligations of the parties. It makes provision for support of a minor child; it awards to the wife as her sole and separate property the family home, with all furniture, furnishings, and equipment therein; it awards to her the specific amount of $250 a month to be paid by the husband for twenty-seven months commencing on a specified date, and certain insurance which is to be kept in force by the husband for her benefit and that of the child; it awards the husband, as his sole and separate property, a certain automobile, bank funds, tax bonds, and war savings bonds.

Were such a decree entered in a divorce action, it would be final and the writ of prohibition would lie to restrain a hearing in modification proceedings (*Tolle* v. *Superior Court,* 10 Cal. 2d 95 [73 P.2d 607]). (See, also, *Puckett* v. *Puckett,* 21 Cal. 2d 833 [136 P.2d 1], and review of authority therein; *Long* v. *Long,* 17 Cal.2d 409 [110 P.2d 383]; *McClure* v. *McClure,* 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257]; *Harlan* v. *Harlan,* 154 Cal. 341 [98 P. 32]; *White* v. *White,* 130 Cal. 597 [62 P. 1062, 80 Am.St.Rep. 150]; *McKay* v. *McKay,* 125 Cal. 65 [57 P. 677]; *O'Brien* v. *O'Brien,* 124 Cal. 422 [57 P. 225]; *Greer* v. *Greer,* 31 Cal.App.2d 39 [87 P.2d 388].) The same would be true if the parties, under similar circumstances, had voluntarily entered into a property settlement agreement

which was fair and equitable at the time it was made. (See 13 Cal.Jur. §§ 45, 46, pp. 846-847.) The "utmost freedom of contract respecting property exists in California between husband and wife." (13 Cal.Jur. § 45, p. 847; *Perkins* v. *Sunset Tel. & Tel. Co.*, 155 Cal. 712, 719 [103 P. 190]; Civ. Code, §§ 158, 159.) It is contended, however, that in the case of a separate maintenance decree, a different rule applies, and that such a decree is always subject to modification upon a showing of changed circumstances. Many general statements of this rule may be cited. (42 C.J.S. §§ 626, 627, pp. 270 et seq.; 27 Am. Jur. §428, p. 33; 3 Nelson on Divorce and Annulment (2d ed.) § 32.44, p. 414; 71 A.L.R. 724; 127 A.L.R. 741.)

In California section 137 of the Civil Code provides that "The court, in granting the husband or wife permanent support and maintenance of himself or herself, . . . shall make the same disposition of the community property and of the homestead, if any, as would have been made if the marriage had been dissolved. . . . The final judgment in such action may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered or revoked at the discretion of the court."

A similar section with respect to divorce (Civ. Code, § 139), provides that "Where a divorce is granted for an offense of the husband, the court may compel him to . . . make such suitable allowance to the wife for her support, during her life or for a shorter period as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects."

Since the latter section has been construed to permit the entry in a divorce action of a final adjudication of property rights (cases above cited), it would seem by analogy that section 137 should be subjected to a similar construction. No California case has been found which expressly holds otherwise, but there are a number of cases in which modifications have been approved, and in them, as well as in the California text (1 Cal.Jur. § 87, pp. 1037-1038), there are general statements to the effect that separate maintenance decrees may be modified upon a proper showing. In none of these cases is the question directly presented or is it expressly declared that the court lacks *jurisdiction* to enter a final decree, which is not subject to modification, in a separate maintenance suit.

In *O'Taole* v. *O'Toole*, 215 Cal. 441 [10 P.2d 461], a monthly allowance was decreed "until the further order of court," and under this reservation of jurisdiction, proceedings were entertained for the purpose of determining whether changed circumstances warranted a modification. *Booth* v. *Booth,* 100 Cal.App. 28 [279 P. 458], is an appeal from an original decree, as is *Parker* v. *Parker*, 74 Cal.App. 646 [241 P. 581]. In *Smith* v. *Smith,* 113 Cal. 268 [45 P. 332], a modification was denied.

One theory advanced in support of the position that the court is powerless to make a final adjudication in a separate maintenance suit is that responsibility for support of the wife rests upon the husband so long as the marital status endures and, as a matter of public policy, no termination of her allowance should be countenanced which might leave her indigent and dependent upon the state for support. This theory, however, ignores entirely the rights of husband and wife who have separated, to settle their property rights and obligations by contract. Furthermore, so far as the possibility of a helpless spouse being thrown upon the state for support is concerned, there is little difference between termination of an allowance by final decree of separate maintenance and termination by final decree of divorce. In both cases the right to support arose out of the marriage obligation (Civ. Code, § 155), and is enforcible to the full extent of that obligation as adjudicated by the court.

In other words, the right to support is not measured by the continuance of the marital status. It is but an incident of that status and may be settled or litigated independently of it. The view that so long as the parties are married, the court is powerless to finally adjudicate the right to support, gives rise to the correlative view that once the marriage has been severed by divorce, the right to support ceases even though it may not have been litigated in the divorce proceeding. The evil and injustice which result from adherence to this view under present social conditions are shown in the dissenting opinion of Mr. Justice Schauer in the recent case of *Crouch* v. *Crouch, ante* pp. 243, 262 [169 P.2d 897] in which I concurred. (See, also, concurring opinion in *DeYoung* v. *DeYoung,* 27 Cal.2d 521, 527 [165 P.2d 457].) The only logical conclusions, in my opinion, is that the right to support, which is an incident to the marriage relation, may be litigated finally and conclusively either during the existence of the marriage or

after it has been severed; that sections 137 and 139 of the Civil Code are analogous and should be similarly construed; that under such a construction, the decree here involved must be held to be final; and that writ of prohibition will lie.

Schauer, J., concurred.

Petitioner's application for a rehearing was denied July 24, 1946. Carter, J., and Schauer, J., voted for a rehearing.