49 Cal.2d 402 (1957)
317 P.2d 963
Estate of FREDERICK ARTHUR FALLON, Deceased.
AMERICAN TRUST COMPANY, as Special Administrator, etc., Appellant,
v.
MARGARET FALLON, Respondent.
Docket No. S.F. 19539.
Supreme Court of California. In Bank.
November 19, 1957.
*403 Lange & Rockwell and C. Dan Lange for Appellant.
Appel, Liebermann & Leonard and Cyril Appel for Respondent.
SPENCE, J.
American Trust Company, special administrator of the above estate, appeals from two orders granting a family allowance of $1,000 a month to Margaret Fallon, widow of the deceased, and from an order refusing to vacate these orders for family allowance. [1] The order denying the petition to vacate the order granting a family allowance is not an appealable order. (Prob. Code, § 1240.) The appeal from that order will therefore be dismissed. (Estate of Caldwell, 67 Cal. App.2d 652 [155 P.2d 380].)
The administrator attacks the propriety of the award of a family allowance to the widow under the particular circumstances of this case. The record sustains its position, and the orders granting such allowance must be reversed.
Frederick Arthur Fallon died on November 18, 1955, aged approximately 86. Shortly thereafter the trust company filed its petition for the probate of his will. On December 15, 1955, the widow filed her verified petition for a family allowance, seeking $2,500 per month. She claimed that the estate *404 had a value in excess of $600,000 and that its monthly income was adequate to pay the allowance she sought.
At the hearing it appeared that she and deceased had married in 1940 and had filed reciprocal divorce actions in 1945. Both parties were denied divorces but the court awarded Mrs. Fallon support of $250 a month for one year only. This decree was affirmed on appeal. (Fallon v. Fallon, 83 Cal. App.2d 798 [189 P.2d 766].) The husband made the ordered payments for the one year and then stopped. Some seven years elapsed before the husband's death, during which time Mrs. Fallon moved to British Columbia and received no further payments from him.
On December 22, 1955, the court granted the widow a family allowance of $1,000 per month. On December 29, 1955, the court, on the trust company's petition, appointed it special administrator of the estate. On January 4, 1956, the court filed a second order identical to its previous order granting the widow the $1,000 monthly family allowance. Thereafter the special administrator filed its petition seeking vacation of the orders granting the family allowance. It alleged that because of the previous divorce proceedings (Fallon v. Fallon, supra, 83 Cal. App.2d 798) the widow was not entitled to a family allowance. It also alleged that, as guardian of the deceased's estate, it had filed an inventory on December 6, 1955, showing assets of some $337,000 and income for 1955 of less than $10,000. After a hearing this petition was denied.
[2] The right of a wife to a family allowance is conditioned upon her right to support at the time of her husband's death. (Estate of Brooks, 28 Cal.2d 748 [171 P.2d 724].) [3] Ordinarily the wife establishes a prima facie case for an allowance by showing that the marriage relation continued until the time of her husband's death. She is not required to allege and prove that there were no circumstances by which she lost this right to support, which is ordinarily inherent in her position as a wife. [4] Nor is the right ordinarily lost merely because the spouses were living apart at the time that the husband died or because the wife had been supporting herself without financial aid from the husband. (Estate of Coons, 107 Cal. App.2d 531, 536 [237 P.2d 291]; see 34 A.L.R.2d 1056.) The effect of the award for the wife's support for a limited period, which expired before the husband's death, however, is an additional circumstance which must be considered here.
*405 In Estate of Brooks, supra, 28 Cal.2d 748, the wife had obtained an interlocutory decree of divorce which made no provision for her support. While the marriage continues until the final decree, an "interlocutory judgment of divorce is ... so far as it determines the rights of the parties, a contract between them.... Until that contract is in some manner changed, either in the action or in some independent proceeding, or by a reconciliation, her right to support is suspended." (London G. & A. Co. v. Industrial Acc. Com., 181 Cal. 460, 465-467 [184 P. 864].)
This court in the Brooks case noted that the manifest purpose of the family allowance is "to continue during the settlement of the estate, the support that the wife was previously receiving or was at least entitled to receive." (28 Cal.2d at p. 755.) Since the wife there was not entitled to support under the divorce decree, the order granting a widow's allowance was reversed.
A situation more similar to the present case was involved in Monroe v. Superior Court, 28 Cal.2d 427 [170 P.2d 473], where the wife had been granted separate maintenance for only a limited period. After that period expired, she sought a further allowance for her support, "alleging that the circumstances upon which the decree was based had materially changed." (28 Cal.2d at p. 428.) This court held that additional support might be granted, although jurisdiction to do so had not been reserved in the original decree, if sufficiently changed circumstances were shown. Relief could be granted since a "separate maintenance decree does not end the marriage" nor "the obligation to support" arising from it, but "only regulates the extent of that support." (28 Cal.2d at p. 429.)
[5] While the wife here, under the terms of the support decree, was not receiving support payments from her husband at the time of his death, she could have sought modification of that decree during his lifetime if she could have shown sufficiently changed circumstances occurring before the death. (Monroe v. Superior Court, supra, 28 Cal.2d 427; O'Toole v. O'Toole, 215 Cal. 441 [10 P.2d 461].) His death should not prevent her from thereafter seeking a family allowance based on changed circumstances occurring before his demise (see In re Nowell, 99 F. 931) nor should she be penalized for not seeking a modification of the decree during his last illness. If the probate court finds, upon competent evidence, that circumstances had changed sufficiently so that the support decree *406 could have been modified during the husband's lifetime to provide further support and that she was therefore entitled to support at the time of the husband's death, that court could properly order a family allowance for the widow after his death.
[6] The record here, however, reveals no evidence of such changed circumstances occurring before the death of the husband. Nor can we agree with the widow that the fact that her husband permitted her to keep a flat in a building which he owned and to store personal effects there constituted an agreement on his part to support her while they lived apart. This act, as well as the provision in his will bequeathing his widow $2,500, must be regarded simply as evidence of his continued kindly disposition toward her despite their marital differences. We therefore conclude that in the absence of evidence upon which the probate court could have found that the widow was entitled by reason of changed circumstances to support from her husband at the time of his death there was no basis for the granting of the family allowance.
The orders granting the family allowance are reversed. The appeal from the order denying the petition to vacate said orders for family allowance is dismissed. Appellant shall recover costs on appeal.
Gibson, C.J., Traynor, J., and Schauer, J., concurred.
McComb, J., concurred in the judgment.
CARTER, J.
I dissent.
In my opinion neither Estate of Brooks, 28 Cal.2d 748 [171 P.2d 724], nor London G. & A. Co. v. Industrial Acc. Com., 181 Cal. 460 [184 P. 864], announces a rule of law which may be invoked to defeat the claim of Mrs. Fallon to a family allowance here. Furthermore, this is not a Monroe case (Monroe v. Superior Court, 28 Cal.2d 427 [170 P.2d 473]). There, an action for separate maintenance had been brought by the wife, and after issue joined, had been tried and a decree rendered which had become final. In that case the trial court had entered a decree of separate maintenance which contained no reservation of jurisdiction as to property rights or otherwise, and which purported to be a final decree and to fully and forever settle the reciprocal rights and obligations of the parties. It made provision for support of a minor child; it awarded to the wife as her sole and separate *407 property the family home, with all furniture, furnishings, and equipment therein; it awarded to her the specific amount of $250 a month to be paid by the husband for 27 months commencing on a specified date, and certain insurance which was to be kept in force by the husband for her benefit and that of the child; it awarded the husband, as his sole and separate property, a certain automobile, bank funds, tax bonds, and war savings bonds. It was my view as expressed in my dissenting opinion in that case (28 Cal.2d 432) that the decree there entered, which had become final, was res adjudicata on the issues there determined, and I am still of that opinion. Here, actions for divorce were brought by both parties which resulted in a judgment denying either party a divorce but awarded the wife $250 per month for her support for one year pursuant to section 136 of the Civil Code. Unquestionably, either party could thereafter have brought another action for divorce based upon conduct of the other occurring after the rendition of the former judgment, and the court would have had jurisdiction in such an action to make such provision for the support and maintenance of either party which the pleadings and evidence warranted. Such being the law, the court here unquestionably has jurisdiction to pass upon the issue of family allowance to the widow notwithstanding the former judgment denying a divorce to either party. The effect of the prior judgment was not to determine the right of the wife to support and maintenance for all time as this issue was not litigated in the divorce action. It would seem clear that if the wife was not entitled to a divorce in the former actions, she was not entitled to permanent alimony or separate maintenance. The allowance to her of $250 per month for one year was only temporary and should not deprive the court of jurisdiction to make a subsequent adjudication of this issue.
It must be obvious that if an award of separate maintenance is made for a definite period, and becomes final, and the husband should die during such period, the award could not thereafter be increased or extended, and an award of alimony would terminate upon the husband's death (Hilton v. McNitt, ante, p. 79 [315 P.2d 1]) with no power in a court to modify it. Such is not the situation here, and it is my view that the prior judgment in the divorce actions and the allowance of temporary support pursuant to section 136 of the Civil Code in no way impedes the jurisdiction of the probate court to determine what if any family allowance should be *408 awarded to Mrs. Fallon in the probate proceedings on her husband's estate. In other words, the court had jurisdiction to hear all competent evidence relative to the status of the parties prior to the death of the decedent and make an award in favor of Mrs. Fallon for a family allowance if such an award was justified by the evidence. In my opinion the trial court was justified in making an award for a family allowance in favor of Mrs. Fallon and its order should, therefore, be affirmed.
SHENK, J.
I dissent. The majority opinion relies on Estate of Brooks, 28 Cal.2d 748 [171 P.2d 724] and Monroe v. Superior Court, 28 Cal.2d 427 [170 P.2d 473] as authority for holding that where during marriage an order for maintenance and support has been made to the wife for a limited period and no decree of divorce has been granted, a showing of changed circumstances must thereafter be made as a necessary foundation for an award of a family allowance from the estate of her deceased husband.
In Estate of Brooks, an interlocutory decree of divorce had settled the property rights of the parties and terminated the right to support. In the present case the widow's right to support was not terminated by the 1945 support order. If she had petitioned the court for additional support during Mr. Fallon's lifetime, she might have obtained it, under the holding of this court in the Monroe case, upon a showing of changed circumstances and by modification of the order. Upon Mr. Fallon's death, however, Mrs. Fallon was no longer entitled to move for a modification of the prior support order. (See Hilton v. McNitt, ante, p. 79 [315 P.2d 1]; Civ. Code, § 139.) Her right thereafter to any financial assistance resulting from the marital relationship became a preferential statutory right under section 680 of the Probate Code which provides that the widow is "... entitled to such reasonable allowance out of the estate as shall be necessary for [her] maintenance according to [her] circumstances, during the progress of the settlement of the estate...."
This court now requires the surviving widow to show, before she may obtain a family allowance after the death of her husband, such change of conditions as would entitle her to a modification of a support order made during the lifetime of her deceased husband. Such a requirement should relate only to the distinct and separate remedy in a proceeding to modify the support order made during the husband's lifetime.
The Brooks case should not be extended beyond a holding *409 that where the right to support has been terminated during the lifetime of the husband no family allowance may be granted from his estate. It is a sufficient showing to entitle her to a family allowance that Mrs. Fallon's right to support was not cut off by the expiration of the 1945 support order. The court now extends the Brooks and Monroe cases to reach a result which is neither consonant with the holdings of those cases nor with the direct terms and unquestioned spirit of Probate Code, section 680. I would affirm the orders.
Respondent's petition for a rehearing was denied December 17, 1957. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.