[Civ. No. 39190. Second Dist., Div. Three. May 23, 1972.]

Estate of EDDIE EDWARDS, Deceased.
FLORENCE EDWARDS, Petitioner and Appellant, v.
BALDO M. KRISTOVICH, As Public Administrator,
with the Will Annexed, etc., et al., Objectors and Respondents.

## COUNSEL

Franklin D. Laven and Stanley H. Stone for Petitioner and Appellant.

John D. Maharg, County Counsel, and Douglas C. Miller, Deputy County Counsel, for Objector and Respondent Administrator.

No appearance for Objector and Respondent Burns.

## OPINION

**SCHWEITZER, J.**—Florence Edwards filed a petition for family allowance, alleging therein that she was the widow of Eddie Edwards, deceased. Objections were filed by the administrator with will annexed and devisees under the will of the decedent. Following a hearing thereon the probate court denied the petition on the grounds that prior to the date of Eddie's death, a final judgment of divorce between the parties had been entered, that as of the date of death the parties were not husband and wife, that in the divorce proceedings Florence had waived her right to support and that Florence had also waived her right to support by subsequent conduct.

Florence appeals from the order denying her petition for family allowance, contending that the probate court erred in each of the forementioned findings. She points out that after Eddie's death, upon her showing that the parties had reconciled prior to entry of the final judgment of divorce, the divorce court set aside the final judgment of divorce, and argues that as a result, the marital relationship of the parties, as it existed prior to entry of the final judgment of divorce was reestablished, and that the reconciliation of the parties rescinded her previous waiver of alimony.

The appeal is on the clerk's transcript. We have no reporter's transcript, settled or agreed statement, or exhibits from the probate proceeding. However, at the request of counsel we have augmented the record to include the divorce file, Edwards v. Edwards, Los Angeles Superior Court No. D-712847. (Cal. Rules of Court, rule 12, subd. (a).) We do not know whether this file was an exhibit in the probate proceeding or whether the probate court was requested to or did take judicial notice thereof. (Evid. Code, § 452.)

■ "[O]n a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment. [Citations.] Moreover, on such an appeal, it is generally true that findings on probative facts, where they do not preclude the possibility of the existence of other evidence to support the ultimate facts, do not limit or modify the findings of ultimate facts." (*Kompf* v. *Morrison,* 73 Cal.App.2d 284, 286 [166 P.2d 350]; see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 240, pp. 4232-4233.) Here, no question is raised as to the sufficiency of the pleadings; the only question is whether the findings support the order denying the petition for family allowance.

### The Divorce Proceeding

■ The divorce file indicates that Eddie and Florence were married on March 18, 1963; that Florence filed a complaint for divorce on July 24, 1967; that after various contested motions and hearings, the action was heard on December 16, 1968 and an interlocutory judgment of divorce was entered on January 9, 1969; that the decree awarded to Florence as her sole and separate property, furniture and furnishings, and money in certain savings accounts; that the decree provides in part: "Pursuant to Stipulation . . . plaintiff [Florence] does hereby waive any claim for accrued alimony. . . and does further waive further alimony."

The file further indicates that on March 17, 1969, Eddie filed an appli-

cation for final judgment of divorce, declaring therein that the parties had not become reconciled; that as a result a final judgment of divorce was entered on March 18, 1969.

We interrupt this summary to insert from the probate file significant dates in the chronology. Eddie died on November 25, 1969 and the public administrator, represented by the county counsel, was appointed and qualified as administrator with will annexed on March 11, 1970.

Returning to the divorce file, on May 25, 1970, Florence gave written notice to Eddie (six months after his death) and to his attorney in the divorce proceeding that she intended to move the divorce court to set aside the final judgment of divorce on the ground that the parties had reconciled during the interlocutory period;[1] that when the motion was called for hearing, the court, upon learning of Eddie's death, continued the motion for the purpose of giving notice to the personal representative of Eddie's estate and his attorney; that notice was then given to the public administrator in his official capacity[2] and to the attorney who represented Eddie in the divorce proceeding;[3] that on July 30, 1970 the motion was heard, apparently solely on the affidavit of Florence, without opposition and without the appearance of the administrator with will annexed or his attorney of record; that the minute order states: "Motion is granted. The final decree heretofore entered is set aside."; that on September 29, 1970, notice of entry of the order vacating the final judgment was mailed to the public administrator in his official capacity[4] and to the attorney who represented Eddie in the divorce proceeding.[5]

The divorce file next indicates that on November 18, 1970, the personal representative filed a notice of motion to vacate the July 30, 1970, order setting aside the final judgment of divorce, attaching thereto declarations of persons denying that the parties had reconciled during the interlocutory period, and a declaration that the delay in appearing was due to "mistake, inadvertence, surprise or excusable neglect" (Code Civ. Proc., § 473), stating therein that he had misfiled the notice of Florence's motion; that

---

[1] No steps were taken to serve the personal representative of Eddie's estate or his attorney of record, or to substitute the personal representative as a party in the divorce proceeding. (Code Civ. Proc., § 385.)

[2] No notice was given the public administrator in his capacity as administrator with will annexed of Eddie's estate. The notice made no reference to Eddie, as a deceased person, and gave no indication as to what, if any interest the public administrator had in the divorce proceeding.

[3] No notice was given the county counsel, attorney of record for the administrator with will annexed.

[4] See footnote 2, ante.

[5] See footnote 3, ante.

the public administrator made no contention that the notice of Florence's motion was defective or improperly served; that the public administrator's motion to vacate the July 30, 1970, order setting aside the final judgment of divorce was heard and denied on February 19, 1971; that no appeal was taken from this order and it is now final.

It should be noted that no steps have been taken to set aside the interlocutory judgment of divorce; the probate court based its order denying family allowance in part on the provision therein that Florence waives present and future alimony.

Since the order of July 20, 1970, setting aside the final judgment of divorce is final and is not void on its face, both this court and the probate court must recognize it as a valid order determining that on and prior to the date of the final judgment of divorce, March 18, 1969, Eddie and Florence were reconciled. We do point out, however, that although there is authority for setting aside a final judgment of divorce on the ground of extrinsic fraud upon motion, supported by affidavits (*McGuinness* v. *Superior Court,* 196 Cal. 222, 232 [237 P. 42, 40 A.L.R. 1110]), there are many situations, such as that presented herein (one party being deceased), where the preferable procedure should be an independent action in equity, where witnesses can be fully examined and cross-examined. (*Cowan* v. *Cowan,* 72 Cal.App.2d 868, 872 [166 P.2d 21]; see generally, 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, §§ 175-183, pp. 3744-3752.) We therefore suggest that when similar facts are presented, to minimize the possibility of fraud, the divorce court should either refuse to act on the motion, thereby forcing the petitioner to seek relief in equity, or it should delay acting on the motion until all interested parties have been duly notified. The issue presented for determination often will have a very significant effect on the rights of parties in probate proceedings, including not only the right in issue herein, but rights of inheritance and probate homestead. By our suggestion we do not imply that Florence committed a fraud on the court.

Here counsel for Florence gave defective notices of all proceedings subsequent to Eddie's death; he was not only careless but apparently indifferent to his professional responsibilities. The divorce court was negligent in its failure to determine the correctness and adequacy of the notices. Although it appears that the public administrator might have been successful in setting aside the July 30, 1970, order on the ground that the notice of motion was defective, a ground which he did not present, his subsequent appearance without raising this ground would appear to foreclose him from thereafter questioning the jurisdiction of the divorce court.

### Effect of Order Vacating Final Judgment

■ "[W]hen an order or judgment is vacated the previously existing status is restored and the situation is the same as though the order or judgment had never been made. The matters in controversy are left open for future determination. The action is not . . . discontinued or abated, but is subject to further proceedings in regular course." (1 Freeman on Judgments (1925) Vacating Judgments, § 302, pp. 594-595; see also *Nelson* v. *Nelson*, 7 Cal.2d 449, 453-454 [60 P.2d 982]; *Lantz* v. *Vai*, 199 Cal. 190, 193 [248 P. 665]; *Clarke* v. *Baird*, 98 Cal. 642, 644 [33 P. 756]; 49 C.J.S., Judgments, § 306, pp. 557-558.) ■ The effect of an order vacating a final judgment of divorce is that "there never has been a dissolution of the marriage." (*Nelson* v. *Nelson, supra*, 7 Cal.2d at p. 454.)

We therefore hold that the probate court erred in finding and concluding that Florence was not the widow of Eddie as of the date of his death.

### Right to Family Allowance

■ The question therefore is whether at the time of Eddie's death, Florence as Eddie's widow was entitled to his support. ■ "Although section 680 [of the Probate Code] requires no more of an applicant for a family allowance than that she be the decedent's widow, it is settled that it does not give an absolute statutory right to such an allowance to every applicant who establishes that she is the decedent's widow. An applicant may have waived her right to an allowance by an agreement to that effect [citations], or may have lost that right by her conduct." (*Estate of Brooks*, 28 Cal.2d 748, 750 [171 P.2d 724].)

■ Here the probate court found that Florence waived her right to support by the provisions of the interlocutory decree and by her subsequent conduct. As to the provisions of the interlocutory decree it has been held that "[w]hen parties become reconciled after an interlocutory decree and live together as husband and wife . . . they are entitled to such rights as arise from the legal relation of husband and wife." (*Estate of Abila*, 32 Cal.2d 559, 561 [197 P.2d 10].) The reconciliation terminates the executory provisions of the interlocutory judgment, including any provision therein waiving support. (*Estate of Fallon*, 49 Cal.2d 402, 405 [317 P.2d 963].) Thus the probate court erred in finding and concluding that the provisions of the interlocutory decree waiving support were a ground for denial of the petition for family allowance.

Since this appeal is on the clerk's transcript and we have no reporter's transcript, settled or agreed statement, or exhibits, we are unable to make a definitive ruling on whether Florence waived her right to support by

conduct. Obviously we are not concerned about her conduct before or during the period of reconciliation; as previously stated, as long as she and Eddie were reconciled, she was entitled to support.[6] The order of July 30, 1970, setting aside the final judgment of divorce merely determined that it was granted and entered on March 18, 1969, as the result of Eddie's fraudulent representation that as of that date the parties had "not become reconciled"; it made no determination as to their marital relationship between March 18, 1969, and the date of his death, November 25, 1969. The probate court made no finding as to whether the parties remained reconciled after March 18, 1969, or as to the wife's conduct thereafter. Evidence as to the wife's conduct during this period of approximately eight months might be very significant. She might have deserted Eddie during this period; as pointed out in *Estate of Abila, supra,* 32 Cal.2d 559, 560, a wife who deserts her husband is not entitled to support at the time of her husband's death. We do point out, however, that even if the parties separate after a period of reconciliation, the right to support is not necessarily lost; nor is it necessarily lost because the wife supports herself without financial aid from her husband. (See *Estate of Fallon, supra,* 49 Cal.2d 402, 404.)

The only findings of the probate court that lend support to its conclusion that Florence waived her right to support by conduct are findings that pursuant to the interlocutory decree Florence received sums of money, that on April 19, 1969, after entry of the final judgment of divorce, she deposited this money in a savings account in her name alone, and that she did not commingle this money with Eddie's funds between March 18, 1969 and the date of his death, November 25, 1969. These findings are insufficient to support the conclusion that Florence by conduct waived her right to support.

Order reversed.

Cobey, Acting P. J., and Allport, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 19, 1972.

---

[6]For a definition of reconciliation, see *Estate of Abila, supra,* 32 Cal.2d 559, 561.